Ohio State Bar Association *v.* Hart.

(D. D. No. 86—Decided May 17, 1978.)

*Mr. Albert L. Bell, Mr. Frank D. DeFrancis, Mr. William L. Clark* and *Mr. John R. Welch,* for relator.
*Mr. Peter W. Swenty,* for respondent.

*Per Curiam.* Gov. R. V(25) sets forth the burden of proof to be borne by an individual seeking reinstatement to the bar, and provides, in pertinent part, as follows:

"*Requisites for Reinstatement.* No person shall be reinstated unless he has established by clear and convincing evidence that he possesses all of the qualifications, mental, educational and moral, which would have been a requirement of an applicant for admission to the Bar of Ohio at the time of his original admission, and that he is now a proper person to be readmitted to the Bar of Ohio, notwithstanding the previous disciplinary action taken against the Petitioner. In such case the order of reinstatement may be conditioned upon the Petitioner's subsequently taking and passing a regular bar examination of this Court and thereafter taking the prescribed oath of office."

At the hearing on the petition for reinstatement relator presented evidence relative to three legal matters in which respondent had been involved. In two of these instances respondent had been retained, prior to the date of his suspension, as attorney for certain decedents' estates. Although he came into possession of various sums of money in his capacity as attorney for the respective estates, the evidence presented by relator revealed that respondent failed to make distribution to the appropriate heirs and, in addition, failed to deposit these funds in identifiable bank accounts, as required by DR 9-102 of the Code of Professional Responsibility. In the third instance respondent was employed as the closing agent in a real estate transaction

which occurred several months after respondent's suspension from the practice of law. The evidence adduced at the hearing before the board shows that Hart retained possession of a major portion of the purchase price for approximately 16 months before paying said sum to the company which held a mortgage on the property. On this occasion respondent's belated performance was preceded by repeated demands for action made by the title company's attorney, and was accomplished only after Hart's check to the mortgagee had twice been returned for insufficient funds.

Despite the afore-mentioned findings of fact made by the board, respondent alleges that "[j]ealousy and prejudice are * * * rampant in * * * [his local community] and one wonders how much of * * * [his] problems have been caused by such feelings." Respondent also complains that the allegations made by the relator are the direct result of a situation where a man is suspended from the practice of law and "* * * no one from either the staff of the Supreme Court of Ohio, the Ohio State Bar Association or the Clinton County Bar Association attempts to advise him and/or assist him with the procedures necessary to bring his practice to an orderly conclusion."

It is the opinion of this court that respondent has failed to refute the allegations of recurrent misconduct on his part. Certainly respondent had a duty to make a prompt accounting of all funds in his possession when he was suspended from the practice of law, just as it was incumbent upon respondent to either surrender to his clients all active case files or to make arrangements with another attorney for the completion of legal work then in progress. We regard respondent's attempt to ascribe blame for his shortcomings to this court, or to the state or county bar associations, as a particularly ignoble argument, and one which raises a serious question as to whether respondent has demonstrated that he can responsibly engage in the practice of law.

Respondent has not established, by clear and convincing evidence, that he now possesses all of the qualifica-

tions, mental, educational and moral, which would have been required of an applicant for admission to the Bar of Ohio at the time of his original admission. Respondent has also been unable to prove that he is now a proper person to be readmitted to the Bar of Ohio, notwithstanding the previous disciplinary action taken against him. Accordingly, this court must confirm the board's recommendation that respondent's petition for reinstatement to the practice of law be denied.

*Judgment accordingly.*

O'Neill, C. J., Herbert, Celebrezze, P. Brown, Sweeney and Locher, JJ., concur.

William B. Brown, J., dissenting. Because I feel that the majority's refusal to reinstate Charles E. Hart, Jr., to the practice of the law places too great an emphasis on events which had their genesis before Hart's initial suspension and too little emphasis on the substantial evidence that Hart is now a proper person to be readmitted to the bar, I must dissent.

Hart was initially suspended from the practice of the law for failure to pay his income taxes. Since then he has squared his accounts with the Internal Revenue Service and kept current on his annual taxes. Hart has also successfully engaged in private business. In addition, for the past seven years he has been employed by the Ohio Department of Transportation. During that period Hart has earned the respect of his superiors. Moreover, and most significantly, he has been advanced to a position of trust. (As the property manager for all the department's real estate in 24 counties, Hart currently handles 142 monthly rentals and 20 farm rentals for the state and is in charge of disposing of the department's excess land.)

The judgment of those who work with Hart in 1978 is, I believe, of greater importance in this court's determination of whether Hart is *presently* qualified for reinstatement to the bar than is the evidence of wrongdoing stemming from before his suspension. I would, therefore, vote to reinstate Hart subject to his successfully passing the bar examination. I dissent.